LEHIGH VALLEY RAILROAD COMPANY, PROSECUTOR, v. THE MAYOR AND ALDERMEN OF JERSEY CITY ET AL., RESPONDENTS.

Argued January 16, 1929—Decided January 31, 1929.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *Edward A. Markley* and *Charles W. Broadhurst.*

For the respondents, *Thomas J. Brogan* and *Charles Hershenstein.*

PER CURIAM.

On October 25th, 1928, an application, in writing, was made, on behalf of the prosecutor, to the board of commissioners of Jersey City for a permit to erect a reinforced concrete coal pocket with reinforced concrete trestle approach and scale house on Morris canal lot 22, block 60. This was received by the commissioners at a meeting held October 30th, 1928, and by that body referred to the superintendent of buildings. An application was also made on October 26th, 1928, to the superintendent of buildings.

On November 5th, 1928, the board of commissioners at a meeting held on that date by resolution directed that permits be issued to certain applicants including the prosecutor.

Pursuant thereto the superintendent of buildings, on November 19th, 1928, approved the plans filed with him by the prosecutor and issued the building permit. Prosecutor then proceeded with the work of construction and for that purpose entered into binding contracts.

On December 4th, 1928, owners of property and residents in the neighborhood of the proposed coal pockets made objection thereto at a meeting held that day by the board of commissioners and the latter by resolution directed that the work of construction be stopped and that a public hearing be had before the board on December 18th, 1928, at eleven A. M. On such latter date a public hearing was had and the result was the adoption of the resolution brought up by this writ for review.

By way of preamble such resolution recites the filing of a protest, that the permit in question was issued by the superintendent of buildings without first having referred the matter to the board of commissioners, and after such hearing it ap-

pears that the erection of such coal pockets would depreciate the property of the protestants and cause the residents inconvenience and disturb their peace and quiet and would otherwise be detrimental to their health and general welfare, and then resolves:

"That the board of commissioners of Jersey City hereby find as a fact that the erection, by the Lehigh Valley Railroad Company, of the coal pockets on lot 22, block 60 on Canal street, foot of Grove street, Jersey City, would depreciate their property and cause their tenants to vacate the premises they now occupy and would also cause the residents in that particular location much inconvenience and disturb their peace and quiet and would otherwise be detrimental to their health and general welfare" and

"That permit known as No. 37361, heretofore issued on November 19th, 1928, for the erection of said coal pockets and trestle upon lot 22, block 60, Canal street, foot of Grove street, in the said city of Jersey City, be and the same is hereby revoked and the application for a permit for the erection of the same is hereby denied."

The contention of the prosecutor is that the permit or license having been issued and it having proceeded thereunder and expended and obligated itself to expend moneys it was irrevocable except for fraud or deception.

That this was and is the situation we think is controlled by the finding of this court in *Citizens Holding Co.* v. *Board of Adjustment of Newark,* 7 *N. J. Mis. R.* 61.

Respondent relies upon *Freeman* v. *Hague et al.,* 7 *N. J. Mis. R.* 41, but that case is clearly distinguishable from the one now before us. In that case the structure contemplated was or might reasonably be said to be in violation of the provisions of an existing zoning ordinance and its inclusion with a number of others in a report of the building superintendent was clearly an error.

Here the structure contemplated was of a character clearly permitted by the zoning ordinance in the locality where it was proposed to be erected and the application was initially made to the board of commissioners, by that body referred to the superintendent of buildings and by that officer subsequently

included with others and included in a resolution of the commissioners directing the issuance of a necessary permit.

Therefore the elements of error, and prohibition under the zoning ordinance, presenting the dominant and controlling elements in *Freeman* v. *Hague, supra,* are lacking here.

Respondents further urge that under a certain ordinance of the city entitled, "An ordinance to regulate the erection and alteration of all buildings and structures to be used for any purpose other than residences or for living apartments," passed June 3d, 1924, it was a necessary prerequisite to the granting of the permit that a public hearing, upon notice, be had before the board of commissioners, and that board should thereupon have found that the granting of the permit would not result in the erection of a structure that would jeopardize life, limb or public health or increase the fire hazard.

The answers to this are:

1. There is nothing in such ordinance requiring a public hearing such as was held on December 4th, 1928, and

2. The application in question was first made to the board of commissioners and by that body referred to the superintendent of buildings who, by reporting it to the commissioners at a subsequent date with a resolution directing the issuance of the permit without any showing to the contrary, must be considered as a recommendation from that officer that the permit be granted is, we think, in entire consonance with the provision of section 3 of the ordinance in question providing that "after the board of commissioners has inspected or caused to be inspected the premises mentioned in the applications filed  *  *  *."

We conclude therefore that the resolution of December 18th, 1928, revoking the permit of November 19th, 1928, must be set aside.